IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY NELSON BASS, #138184, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03-CV-464-F |
| ) | |
| NAPHCARE MEDICAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ricky Nelson Bass ("Bass"), a state inmate, asserts that the defendant acted with deliberate indifference by failing to prescribe and dispense his medication for depression in an appropriate manner. NaphCare Medical Services, Inc. ("NaphCare"), the medical care provider for the Alabama Department of Corrections during the time relevant to this complaint, is the sole defendant remaining in this cause of action.

The defendant filed a special report and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to an order entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of June 18, 2003 - Court Doc. No. 11*. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and the plaintiff's responses in opposition to motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

**I. FACTS**

In June of 2002, Bass suffered from depression and a psychiatrist at Kilby Correctional Facility prescribed 50 milligrams of Elavil per day for treatment of this condition.[1] *Plaintiff's Exhibit A - Affidavit of Ricky Nelson Bass* at 1; *Defendant's Exhibit A - Medical Records of Ricky Nelson Bass* at 12. Despite this prescription, the plaintiff's depression worsened. Thus, on June 19, 2002, the attending physician increased the prescribed dosage of Elavil from 50 milligrams to 100 milligrams per day. The prescription instructed that the dosage be provided to Bass during evening hours.

On July 1, 2002, correctional officials transferred Bass to Staton Correctional Facility. The medical records indicate that Bass underwent a medical screening on July 4, 2002 and began receiving his Elavil at Staton on July 6, 2002. *Defendant's Exhibit A - Medical Records of Ricky Nelson Bass* at 65 and 25. Sometime during the early morning hours of July 10, 2002, Bass fell from his top bunk and injured his head. He maintains that the manner in which employees of NaphCare prescribed and administered Elavil "contributed to the fall." *Plaintiff's July 28, 2003 Response* at 2. Although Bass did on July 8, 2002 submit a health services request form for a bottom bunk profile due to alleged arthritis in his knees, *see Defendant's Exhibit A - Medical Records of Ricky Nelson Bass* at 2, Bass made no complaints to medical personnel prior to the fall from his bunk with respect to any adverse

---

[1] Elavil (amitriptyline) is a tricyclic antidepressant. *Defendant's Exhibit B - Affidavit of Dr. James F. Delong* at 2. The psychiatrist prescribed this initial dosage on June 12, 2002 and instructed that Bass receive his medication in the evening. *Defendant's Exhibit A - Medical Records of Ricky Nelson Bass* at 12.

effects he suffered due to taking Elavil.[2] During his visit to the health care unit for treatment of the injury suffered in the fall from his bunk, Bass made his first complaint involving Elavil when he advised he "suspects that Elavil 100 mg [at night] makes him sleep too hard [and] might've contributed to his falling out of bed." *Defendant's Exhibit A - Medical Records of Ricky Nelson Bass* at 97. However, Bass also advised that "he's pleased [with] relief of depression associated [with] Elavil 100 mg." *Id*. Based on the foregoing, the attending physician maintained the prescribed dosage and merely ordered that the "dosage [be spread out] throughout [the] day to Elavil 25 mg am/noon, 50 mg [at night]." *Id*.

## II. STANDARD OF REVIEW

To survive the defendant's properly supported motion for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory

---

[2] Based on the plaintiff's complaint of pain in his knees, nurse Helms ordered X-rays of both knees. The X-rays revealed "no significant abnormality" in the right knee and "normal radiographic appearance of the left knee." *Defendant's Exhibit A - Medical Records of Ricky Nelson Bass* at 3.

3

allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being afforded an opportunity to do so, to go beyond the pleadings and present evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

In order to prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that medical personnel acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). A medical care provider may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). The mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). Moreover, a difference of medical opinion does not constitute deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

In contracting with the Alabama Department of Corrections to provide prison medical services, NaphCare is bound by the State's obligations to its prisoners under the Eighth Amendment. *West v. Atkins*, 487 U.S. 42, 54-58 (1988). However, under well-settled law, the plaintiff cannot predicate NaphCare's liability for the constitutional violations alleged in this case on a theory of respondeat superior nor may NaphCare be held responsible for the asserted constitutional violations of its employees, but may only be held liable if its policies

5

or procedures are unconstitutional or constitute the "moving force" behind the alleged constitutional violations. *Monell,* 436 U.S. at 694-95; *Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985).

Bass has presented no evidence which would show that NaphCare actually participated in the constitutional deprivations about which he complains. Thus, NaphCare's liability must arise from another source. The analysis to be applied to the potential liability of NaphCare is the same as that applied to municipalities under the Supreme Court's decision in *Monell*. Under *Monell*, in order to hold NaphCare liable for the deliberate indifference of its contract physicians or other medical personnel, Bass must show that these individuals, in providing constitutionally inadequate treatment to him, were implementing official NaphCare policy or unofficial customary practice. *Id.* 436 U.S. at 690-691. Additionally, before liability can be imposed on NaphCare, the plaintiff must show that the policy or custom composed the root cause of the constitutional violation. *Tuttle*, 471 U.S. at 820. Thus, it is clear that not only must there be some degree of "fault" on the part of NaphCare in establishing the policy or tolerating the custom, but there must also be a causal link between the custom or policy and the constitutional deprivation. *Id.* at 823.

In the instant action, the Court finds that, at best, Bass does no more than assert that NaphCare contracted to provide medical services for inmates incarcerated in the Alabama prison system and that it served as the medical provider at Kilby and Staton Correctional Facilities during the time the alleged inadequate medical treatment occurred. The complaint

is devoid of any attempt to identify a policy or custom of NaphCare which purportedly caused the alleged constitutional violations. Moreover, the plaintiff's assertion of deliberate indifference is completely devoid of merit.  The undisputed medical records indicate that medical personnel routinely examined and evaluated the plaintiff's mental health condition and prescribed medication they deemed appropriate for treatment of his depression.  Bass presents no evidence which demonstrates that the physicians or other health care professionals involved with his treatment in any way disregarded a substantial risk to his health.  Consequently, the plaintiff's complaint against NaphCare fails to state a claim upon which relief may be granted.  Summary judgment is therefore due to be granted in favor of the defendant.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED.

2. This case be dismissed with prejudice.

3. The costs of this proceeding be taxed against the plaintiff.


It is further

ORDERED that on or before August 10, 2005 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of July, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE